**In re PIN/NIP, INC., Petitioner.**

**No. MISC. NO. 694.**

United States Court of Appeals, Federal Circuit.

March 14, 2002.

Before MICHEL, BRYSON, and PROST, Circuit Judges.

### ON PETITION FOR WRIT OF MANDAMUS

MICHEL, Circuit Judge.

### ORDER

PIN/NIP, Inc. petitions for a writ of mandamus to direct the United States District Court for the District of Idaho to (1) vacate its order directing a second jury trial on April 15, 2002, (2) preclude a second trier of fact from considering additional infringement issues, (3) preclude, for purposes of damages calculations, a second trier of fact from considering any instances of infringement other than those considered in the first trial, and (4) determine

that there will be no damages award based on the first trial. Platte Chemical Company opposes.

Platte owns a patent covering a method to inhibit the sprouting of stored tubers, particularly potatoes. PIN/NIP is in the business of supplying chemicals for the treatment of stored tubers. PIN/NIP brought a declaratory judgment action of noninfringement and invalidity. Platte counterclaimed alleging that PIN/NIP induced others to infringe its patent and that other persons or companies (called applicators) directly infringed by application of various chemicals in a variety of ways.

The district court issued a pretrial order, based on the parties' agreement, that the case would be bifurcated with a jury deciding infringement, validity, and willfulness and the district court conducting any subsequent damages trial. A jury trial was held in 1999. Platte submitted evidence of three separate applications to the jury and, in a special verdict form, asked the jury to determine whether one of the applicators infringed and, if so, whether PIN/NIP induced that infringement. The jury returned a verdict that one of the applicators infringed claim 1 and also claim 3. Based on the finding of direct infringement, the jury found that PIN/NIP induced infringement of claims 1 and 3. The jury additionally returned a verdict of willful infringement and that the patent was not invalid. The district court entered a permanent injunction and PIN/NIP appealed. That appeal is pending at this court.

As the parties and the district court proceeded towards the damages phase of the trial, it became apparent that Platte intended to show additional acts of infringement by 14 more applicators, covering perhaps 300 different applications, in the second "damages" phase. The district court recognized that PIN/NIP should not

be held to its agreement that the district court conduct the second phase and that PIN/NIP would be entitled to a jury trial on the remaining infringement issues. The district court ordered a second jury trial on the infringement issues and stated that it would decide damages. PIN/NIP balked, arguing that a second jury trial on additional infringement issues would violate the pretrial bifurcation order and violate the Seventh Amendment of the Constitution.

The Seventh Amendment provides:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, *and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States,* than according to the rules of the common law. [Emphasis added.]

PIN/NIP argued that a second jury would be deciding the same issues and the same factual questions surrounding infringement that were hotly disputed and contested at the first trial, for example, questions concerning the timing and sequence of the applications.

The district court stated that no jury findings would be reexamined. It stated that matters related to the three applications would not be reexamined in the second trial and, instead, the applications of 14 other applicators would be examined.

On mandamus, PIN/NIP asks us to direct the vacatur of the order scheduling the second infringement trial, to preclude the district court or a second jury from considering additional infringement issues, to preclude the district court or a second jury from considering damages related to additional infringement, and to declare that there can be no damages based on the first jury verdict because the jury's verdict form and interrogatories did not specify

which or how many of the three applications were infringing.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

PIN/NIP's first three challenges all revolve around the propriety and scope of a second trial. PIN/NIP's challenge to a second trial is based on two grounds, i.e., an alleged violation of the pretrial order and the Constitution. We are not persuaded that mandamus should issue on either ground. With respect to the first ground, PIN/NIP does not cite to any precedent that would show that mandamus should issue when a district court deviates from a pretrial order, a matter relating to the district court's conduct of its own proceeding. It is clear that a district court has the discretion to order separate trials. Fed.R.Civ.P. 42(b) (district court may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue in furtherance of convenience, to avoid prejudice, or when conducive to expedition or economy). Although the progress of this case did not unfold in a typical manner, the district court protected PIN/NIP's right to a jury trial on all infringement issues, albeit in two separate trials.

With respect to the second ground, PIN/NIP's constitutional argument is essentially that a second jury will necessarily have to reexamine facts found in the first trial. The district court states that there will be no reexamination of facts. PIN/NIP relies on *Blyden v. Mancusi,* 186 F.3d 252, 259–60 (2nd Cir.1999), where a damages jury was allowed to reexamine issues decided by a liability jury in violation of the Seventh Amendment. In that case, both juries were asked to determine whether the same acts constituted reprisals. In this case, the district court has stated that the second jury will not be examining the three applications reviewed by the first jury. Thus, PIN/NIP has not shown, clearly and indisputably, that a violation will occur. To the extent that PIN/NIP is fearful that improper reexamination of facts might take place, PIN/NIP's challenge here is premature.

Finally, PIN/NIP asks us to declare that there can be no damages with respect to the infringement findings of the first jury. Again, PIN/NIP's challenge is premature. The district court will, in due time, decide damages. Any challenges to that award may be made on appeal after final judgment.

In sum, on none of the grounds has PIN/NIP shown a "clear and indisputable" right to mandamus relief. *Allied,* 449 U.S. at 35, 101 S.Ct. 188. Further, should PIN/NIP, after trial, believe that errors have occurred, then it may challenge those errors on appeal after final judgment. Thus, PIN/NIP has not satisfied the requirement of showing that it has no other means of attaining the relief desired. *Mallard,* 490 U.S. at 309, 109 S.Ct. 1814.

Accordingly,

IT IS ORDERED THAT:

PIN/NIP's petition for writ of mandamus is denied.